Stewart et al., Exrs., Appellants, *v.* Solomon et al.

Argued September 26, 1934.   Before FRAZER, C. J.,
SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN,
JJ.

*John E. Winner*, with him *Floyd V. Winner*, for appellants.

*John A. Metz, Jr.*, and *John A. Metz*, with them *A. S. Fingold* and *Daniel A. Moritz*, for appellees.

OPINION BY MR. JUSTICE SIMPSON, November 26, 1934:

In accordance with the terms of a written agreement made by Christ Beckman and others, who are therein named as parties of the first part, and the defendants herein and Alexander Stewart, whose executors are the plaintiffs herein, who together are named as the parties

of the second part, certain oil and gas leases were delivered by the former to the latter, to be held by them in a trust to be known as the Stewart Development Company, and to be operated by them for the benefit of the parties of the first part, and those who might thereafter become associated with them in the enterprise. The parties of the second part were not financially interested in the trust, and were to be liable for none of its expenses; but, like other trustees, were to be paid for their services, so long as they continued to perform the duties thereby imposed upon them. The agreement also provided that the successors of the trustees should be chosen by those benefically interested in the trust.

Alexander Stewart died, and his executors herein brought a suit in equity against defendants, founded entirely on the agreement above refered to, alleging that the relation between testator and defendants, as shown thereby, was that of partners, and hence testator's interest passed to plaintiffs after his death, but that defendants refused to recognize that interest, or to pay them any of the sums to which they had thus become entitled. They prayed a dissolution of the partnership, for the appointment of a receiver of its assets, and for an accounting. Defendants' answer denied that the agreement constituted a partnership between testator and them, alleged that he and they were only trustees for the parties financially interested in the Stewart Development Company, and hence averred that testator's interest under the agreement ended when he died. The court below sustained this contention and decreed a dismissal of the bill. It could not properly have done otherwise.

Defendants' answer went further, however. Under the head of "New Matter" they averred that testator and other unnamed persons associated with him under the name of the Stewart Oil and Gas Company, afterwards changed in name to the Stewart Gas and Oil Company, had, without authority, drilled oil and gas wells on the leased property of the Stewart Development Company,

of which he and they were trustees for the parties financially interested therein, had sold the gas and oil derived through the operation of these new wells, and wrongfully converted all the proceeds thereof to his own use, though "all such moneys were and are the moneys of the Stewart Development Company." They therefore prayed that plaintiffs, as his executors, "be required to account to the defendants for all sums of money and other things of value received by [testator] and *now in the possession* of [plaintiffs] and belonging to the Stewart Development Company." There is no averment that any of the money thus alleged to have been obtained by Stewart, or anything purchased therewith, was then or ever had been in the possession or control of plaintiffs, who, as already stated, are the executors of his will, or that defendants were seeking to recover the sums of money referred to otherwise than in their own personal right. Personally, however, they had no right to any part thereof; to recover any of those sums they would have had to sue as trustees for the Stewart Development Company, and this they did not do.

In answer to the "new matter," the plaintiff executors averred that they had "made diligent search and examination of all the papers and records of [their testator] and also of all the records and papers belonging to the Stewart Development Company in the possession of [their testator], but found nothing touching the facts alleged in the "new matter" above set forth. They also denied that testator received the money averred therein and that he owed "the Stewart Development Company anything either as an individual or as a trustee."

The case was tried upon the pleadings as above stated, without any replication having been filed. It is not necessary to review at length the proceedings at the trial; it suffices that, upon ample evidence, the court below found that testator, and those associated with him in the Stewart Oil and Gas Company and in the Stewart Gas and Oil Company, had wrongfully caused to be drilled

additional wells on the property leased by the Stewart Development Company, and had wrongfully appropriated to their own use the moneys received from the sale, to the Fayette County Gas Company, of the oil and gas thus obtained. There was no proof and no finding that any of this money, or anything purchased therewith, was then or ever had been in the possession or control of plaintiffs, or that defendants were seeking to recover that money or any part of it, or of property purchased by it for the trust estate or otherwise than in their own right.

The final decree dismissed plaintiffs' bill, which, as already stated, was, in that respect, correct; and also required plaintiffs "within 45 days after the date hereof, to file in [that] court a full, true and itemized account of all moneys paid during the lifetime of Alexander Stewart by the Fayette County Gas Company to each of the partnerships known as the Stewart Oil and Gas Company and the Stewart Gas and Oil Company, for gas derived by said partnerships from the property leased to the Stewart Development Company, in Fayette County, Pennsylvania, as also for the proceeds, with interest," of three specified checks, which were paid on that account by the Fayette County Gas Company.

The decree must be reversed so far as relates to the proceedings based on the alleged new matter, not only because neither the Stewart Oil and Gas Company, nor the Stewart Gas and Oil Company, nor those interested in these companies, were parties to the proceedings; but also because, so far as the record discloses, defendants were seeking to recover these moneys in their own right and not as surviving trustees of the Stewart Development Company trust, though admittedly they had no personal interest therein; and because, finally, it is broader than the prayer for affirmative relief attached to such new matter,—which has never been amended,—and which claimed only an accounting of "all sums of money and other things of value [allegedly] received by Alexander Stewart and now in the possession of [plaintiffs]

as executors of the estate of Alexander Stewart, deceased." As already stated, there is neither averment, proof, nor finding that any such "sums of money or other things of value" are now or ever have been in the possession of plaintiffs. The error in the contention made by appellees that the words "now in the possession" (of the executors) in the above prayer, was intended to refer to the estate, instead of to the funds in question, needs but a reading of the prayer, as above quoted, to show its error. "Now in the possession of [plaintiffs] as executors," can only mean to charge exactly what it says, viz., that the "sums of money and other things of value," alleged to have been received from the Fayette County Gas Company are now in the possession of plaintiffs, as executors, and the record discloses nothing to justify that averment.

The decree of the court below is affirmed so far as it relates to the dismissal of plaintiffs' bill at the cost of the estate of Alexander Stewart, deceased; and it is reversed without prejudice, so far as it relates to the accounting asked by defendants, but without costs to either party.